1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

8

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10    UNITED STATES OF AMERICA,                    CASE NO. CR F 11-017 LJO

11                         Plaintiff,

12          vs.                                     **ORDER ON DEFENDANT'S MOTIONS IN
                                                    LIMINE; SEPTEMBER 10, 2012 HEARING**
13                                                  **VACATED**
      JORGE REYNA,
14
                             Defendant.
15
      _____/
16

17          The Court has received, read and considered the Defendant's Motions and Supplemental Motions

18    in Limine, along with the responsive papers from the Government.  The Court has received no Motions

19    from the Government.  The motions are straightforward and clear. The Court needs no oral argument

20    on the motions, so the hearing set for September 10, 2012 at 11:00 a.m. is hereby VACATED.

21          The Court has already ruled on the defense motion to suppress the EDCA 10-18-10 search

22    warrant (Denial on August 30, 2012), and now rules as follows on the other pending motions:

23    **I.  Limited Voir Dire**

24          Counsel may submit written questions it is requesting the Court to ask, and the Court will ask

25    what it deems appropriate from that list.  In addition, Counsel will each get ten minutes to ask new or

26    follow-up questions to the panel.

27    **II.  Exclusion of FRE 404(b) Evidence**

28          Granted, unless 404(b) rebuttal evidence is appropriate.

**III.  Expert Testimony Exclusion**

Denied.  Unless the Government's representation that they provided the FRCrP 16(d)(2)(c) information is incorrect, such information sent on August 20, 2012 for an October 2, 2012 trial is sufficient and timely notice.

**IV.  Exclude Lay Witnesses Who Have Undisclosed Criminal Records from Testifying**

Denied, as long as the information is provided to defense counsel in writing at least ten (10) calendar days before trial.

**V.  Exclusion of  Undisclosed Rule 16 Evidence**

The motion is vague because it is overly broad.  Denied.  That said, it is of concern to the Court that the Government, in its response,  states at 3:22: "The Government has provided the defendant with copies of the majority of evidence intended for use at trial in this case." (emphasis added).  To avoid delay at trial, the Government is to provide the minority of evidence (i.e. the rest of it) it intends to use at trial, within seven calendar days of this order.

**VI.  Laying the Foundation Process Outside the Presence of the Jury**

While the meet and confer order issued on August 30, 2012 should take care of this concern in its entirety, should this issue nonetheless remain:  the motion is Denied.  There is no reason to believe that handling of foundational evidentiary concerns cannot occur in front of the jury before the intercepted or recorded communications are received into evidence.

**VII.  Exclusion of Evidence from GPS Device Processes**

Since such evidence was not preserved, this motion is moot.


IT IS SO ORDERED.

**Dated:   August 31, 2012**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE